Jerry STANLEY and Justin
Stanley, Appellants,

v.

CITY OF INDEPENDENCE, Missouri,
et al., Respondents.

No. 81235.

Supreme Court of Missouri,
En Banc.

June 29, 1999.

Rehearing Denied Aug. 3, 1999.

Julie J. Gibson, Michael D. Matteuzzi, Kansas City, for Appellants.

David S. Baker, Kansas City, for Respondents.

Jeremiah W. (Jay) Nixon, Atty. General, James R. Layton, Assistant Attorney General, Theodore A. Bruce, Assistant Attorney General, Jefferson City, for Amicus Curiae State of Missouri.

Robert O. Jester, Sharon Kennedy, Kansas City, for Amicus Curiae Adair County Sheriff's Department.

Ivan L. Schraeder, St. louis, for Amicus Curiae Missouri Police Chiefs Association and Missouri Municipal League.

Dale H. Close, Lisa S. Morris, Robert M. Schrieber, Kansas City, for Amicus Curiae Kansas City Police Department and Missouri Police Officer's Association.

DUANE BENTON, Chief Justice.

Plaintiffs sued the city of Independence and police officer Leonard Hill for the wrongful death of Michael and Daniel Stanley. The circuit court granted defendants' motion for summary judgment. Plaintiffs appeal only as to the city. After opinion by the court of appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.* Affirmed.

 This Court reviews the record in the light most favorable to the party against whom summary judgment was entered. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Review is essentially de novo, as the propriety of summary judgment is an issue of law. *Id.* Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Fisher v. State Highway Com'n of Mo.*, 948 S.W.2d 607, 611 (Mo. banc 1997).

At approximately 5:30 p.m. on Tuesday, July 26, 1994, Officer Hill of the Independence Police Department was driving his marked patrol car on Highway 40, near Blue Ridge Mall. He saw a white Chevy van with out-of-state license plates. It matched the description of the vehicle used in an armed robbery 30 minutes earlier. Officer Hill pulled behind the van, while it was stopped at a stoplight on Sterling Road. Out of concern for public safety, he did not initiate a traffic stop until the light changed and the van cleared the intersection. Officer Hill then turned on his emergency lights and gave a "quick yelp" on his police siren. The van fled. Officer Hill activated his siren and pursued.

The van turned across traffic into a parking lot, attempting to shake officer Hill. It circled the parking lot, crossed Highway 40 onto 39th Street, and continued through a residential neighborhood. Both vehicles were then heading east, with officer Hill one car length behind. The van ran a red stoplight at 39th and Sterling, traveling at about 55 miles per hour. Officer Hill backed off slightly, crossing the intersection two car lengths behind.

As the vehicles neared 39th and Blue Ridge, traffic was stopped at the stoplight in their lane of travel. The van moved into the westbound, oncoming lane of traffic at about 70 miles per hour. Officer Hill, backing off further, also moved into the oncoming lane of traffic about ten car lengths behind.

The decedents, Michael and Daniel Stanley, were approaching 39th and Blue Ridge in the proper lane, heading west. The fleeing van – still in the wrong lane of traffic – crossed the intersection and hit the decedents, as they tried to pull out of the way. At the moment of impact, officer Hill was about 191 feet behind the van.

45 seconds passed from the initial flight of the van until the collision. Throughout the chase, officer Hill's emergency lights and siren were activated, and he remained in contact with the dispatcher.

# 487

By statute, police officers may disregard traffic regulations in certain situations:

(2) The driver of an emergency vehicle may:

(a) Park or stand irrespective of the provisions of sections 304.014 to 304.026;

(b) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

(c) Exceed the prima facie speed limit so long as he does not endanger life or property;

(d) Disregard regulations governing direction of movement or turning in specified directions;

(3) The exemptions herein granted to an emergency vehicle shall apply only when the driver of any such vehicle while in motion sounds audible signal … and when the vehicle is equipped with at least one lighted lamp ….

*Section 304.022.4(2), (3).*[1] *See also section 544.157.4.* At the time of the accident, the Independence Police Department had in effect the following policy:

## DEPARTMENTAL GENERAL ORDER 80–64

### CAR CHASES

#### Policy

2–1. It is the policy of this department that the responsibility of life and property lies with each individual officer and it is at his discretion to decide when a car chase will terminate. The officer's decision must be based on the safety and protection of all persons. The department expects any officer to terminate his involvement in pursuit whenever the risks outweigh the danger to the community if the suspect is not apprehended.

2–2. The police officer must consider:

a. The seriousness of the crime involved;

b. The possibility of apprehension;

c. The location the pursuit will occur in – residential, business district, freeway, etc.;

d. Traffic conditions;

e. Weather conditions;

f. Condition of police vehicle;

g. Road conditions;

Before exercising discretion.

■ Plaintiffs allege that officer Hill acted negligently – including violating section 304.022.4(2) and Order 80–64 – by initiating, continuing, and failing to terminate the chase that ended with the decedents' deaths. Specifically, plaintiffs claim that the officer's decision to initiate and continue the high-speed chase was negligent because the pursuit occurred during rush hour and in a residential neighborhood. They assert that his employer, the city of Independence, is liable under respondeat superior.

■ Under respondeat superior, an employer is liable for damages from the misconduct of its employee acting within the course and scope of employment. *McHaffie v. Bunch,* 891 S.W.2d 822, 825 (Mo. banc 1995). Therefore, in order to recover against the city, plaintiffs must have suffered damages attributable to officer Hill's negligence. *See id.* To sue for negligence, a plaintiff must prove: (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach was a proximate cause of the plaintiff's injury. *Martin v. City of Washington,* 848 S.W.2d 487, 493 (Mo. banc 1993).

In *Oberkramer v. City of Ellisville,* 706 S.W.2d 440 (Mo. banc 1986), this Court addressed the responsibility of a pursuing police officer for collisions between the pursued vehicle and a third party. It is not clear whether plaintiffs in *Oberkramer* alleged negligence by pursuing police officers. *Compare* 706 S.W.2d at 441 (plaintiffs alleged that pursuing police officers "were negligent in speeding at 100 m.p.h."), *with* 706 S.W.2d at 442 (holding

1. All statutory citations are to RSMo 1994.

that "plaintiffs have pleaded no acts of negligence" by officers in their second amended petition). In the present case, plaintiffs have specifically alleged that officer Hill was negligent.

■ To recover damages, however, a defendant's negligence must be the proximate cause of the plaintiff's injury. *King v. Ellis*, 359 S.W.2d 685, 688 (Mo.1962). The General Assembly has waived sovereign immunity for: "Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment." *Section 537.600.1(1)*. The language "directly resulting from" in section 537.600 corresponds to proximate cause. *State ex rel. Mo. Highway and Transp. Comm'n v. Dierker*, 961 S.W.2d 58, 60 (Mo. banc 1998). Therefore, even assuming that officer Hill was negligent in this case, his negligence must also be the proximate cause of the collision between the van and the decedents' vehicle.

■ The general test for proximate cause is whether an injury is the natural and probable consequence of the defendant's negligence. *Id.* Each case is decided on its own facts. *Krause v. U.S. Truck Co., Inc.*, 787 S.W.2d 708, 710 (Mo. banc 1990). Proximate cause cannot be based on pure speculation and conjecture. *James v. Sunshine Biscuits, Inc.*, 402 S.W.2d 364, 375 (Mo.1966).

Here, officer Hill's conduct was not a proximate cause of the collision. The suspects in the van made the initial decision to flee, sped through red lights and in the wrong lane of traffic, and collided with the decedents. Any negligence by officer Hill is connected to the plaintiffs' injury solely through the conduct of the fleeing van. Thus, the only conceivable causal link between the officer's alleged negligence and the collision is the conjectural effect of his pursuit on the pursued vehicle. Shortly

after initiating the pursuit, the officer observed, "this guy is going nuts on us." There is nothing other than speculation to reach a conclusion that the officer's conduct was a "cause" of the collision. Put another way, there is no way to tell whether the collision would have been avoided if the officer had abandoned the pursuit after initiating it. Thus, there is no factual basis to support a finding of proximate cause.

True, other states have ruled differently on similar facts. *E.g., Haynes v. Hamilton County*, 883 S.W.2d 606, 612–13 (Tenn. 1994). *See generally* Annotation, *Liability of governmental unit or its officer for injury or damage from operation of vehicle pursued by police*, 83 A.L.R.2d 452 (1962); 83–84 A.L.R.2d Later Case Service 40–46 (1991 & Supp.1999). This Court holds that because causation is absent, plaintiffs here failed to make a submissible case against the city of Independence.

We need not address other fact situations where the alleged negligence of a police officer may in fact proximately cause a collision between the fleeing vehicle and a third party. *See, e.g., Cannada v. Moore*, 578 S.W.2d 597 (Mo. banc 1979) (affirming judgment for officer's negligence in failing to warn motorists killed in a collision with a pursued vehicle); *Thain v. City of New York*, 30 N.Y.2d 524, 330 N.Y.S.2d 67, 280 N.E.2d 892, 893 (1972) (holding failure by pursuing police officers to operate their lights and siren during pursuit was a concurrent proximate cause of the collision between the plaintiff and the pursued vehicle), *cited in Oberkramer*, 706 S.W.2d at 442.

■ The judgment of the circuit court is affirmed.[2]

All concur.

---

**2.** The brief of amici curiae Adair County Sheriff's Department, et al., included 32 affidavits of city police chiefs and county sheriffs, giving opinions on the pursuit policy and the

potential effect of the present suit in their jurisdictions. Plaintiffs objected and moved to strike the affidavits. *Rule 84.05(f)(3)*. Amici may "set forth facts or questions of law

that have not been, or reasons for believing that they will not adequately be, presented by the parties and their relevancy to the disposition of the case." *Id.* Generally, an appellate court cannot consider extra-record evidence. *Pretti v. Herre*, 403 S.W.2d 568, 569 (Mo. 1966). Amici normally "must accept the case as [they] find it." *Matter of Additional Magistrates*, 580 S.W.2d 288, 293 (Mo. banc 1979). The hearsay statements here, assuming they are even relevant, cannot be presented in this manner. This does not decide whether, in other cases, amici may raise other points, such as those capable of judicial notice, *see, e.g., State v. Weber*, 814 S.W.2d 298, 303 (Mo. App.1991), or relevant general studies and statistics, *see, e.g., State v. Mitchell*, 563 S.W.2d 18, 26 (Mo. banc 1978); Kenneth Culp Davis, *Facts in Lawmaking*, 80 COLUM. L.REV. 931 (1980). The motion is sustained.