

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| MARGARET MOYER | ) | No. ED100931 |
| | ) | |
| and | ) | Appeal from the Circuit Court |
| | ) | St. Francois County |
| LORETTA POGUE, | ) | 12SF-CC01385 |
| | ) | |
| Appellants, | ) | Honorable Robin E. Fulton |
| | ) | |
| and | ) | |
| | ) | |
| JOHN POGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ST. FRANCOIS COUNTY | ) | |
| SHERIFF DEPARTMENT, | ) | |
| | ) | |
| Respondent. | ) | Filed: September 30, 2014 |

### OPINION

Margaret Moyer and Loretta Pogue ("Plaintiffs") appeal the trial court's grant of summary judgment in favor of the St. Francois County Sheriff Department ("County") on Plaintiffs' negligence action. We reverse and remand.

### I. BACKGROUND

Viewing the record in the light most favorable to Plaintiffs, the parties against whom summary judgment was entered, establishes the following. During the afternoon of March 13,

2008, a St. Francois County Sheriff's deputy pulled over a vehicle with stolen license plates. After the deputy asked the driver to step out of the vehicle, the driver fled from the scene. A high-speed chase ensued that lasted as long as ten miles at speeds which approached 120 miles per hour. The chase ended when the suspect's vehicle collided with a vehicle occupied by Plaintiffs. The deputy's vehicle was not involved in the automobile accident.

Plaintiffs[1] filed this negligence action against County, claiming County was liable under respondeat superior for the negligence of its deputy in causing the accident and Plaintiffs' resulting injuries. County moved for summary judgment, arguing it was entitled to judgment as a matter of law because the deputy was not the cause of the accident or Plaintiffs' injuries. The trial court granted summary judgment in favor of County, finding there was no factual basis to support a finding of causation. Plaintiffs appeal.

## II.    DISCUSSION

In their first point on appeal, Plaintiffs claim the trial court erred in granting summary judgment in favor of County because there is a genuine issue of fact on the issue of causation. We agree.

The propriety of a grant of summary judgment is an issue of law that this Court reviews de novo. *Reed v. McDonald's Corp.*, 363 S.W.3d 134, 138 (Mo. App. E.D. 2012). The record is reviewed in the light most favorable to the party against whom judgment was entered. *Id*. "Summary judgment is appropriate when the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *Id*. (internal quotation omitted).

---

[1] John Pogue, the husband of Loretta Pogue, intervened in the action and filed a loss of consortium claim. That claim is not the subject of this appeal.

In order to prevail in a suit in negligence, a plaintiff must show: (1) the defendant owed the plaintiff a duty; (2) the defendant failed to perform that duty; and (3) the defendant's failure to perform that duty proximately caused the plaintiff's injury. *Carman v. Wieland*, 406 S.W.3d 70, 76 (Mo. App. E.D. 2013). Proximate causation refers to the "reasonable and probable consequence of the act or omission of the defendant." *Sanders v. Ahmed*, 364 S.W.3d 195, 210 (Mo. banc 2012) (internal quotation omitted). The defendant's conduct must simply be a contributing cause of the plaintiff's injury rather than the sole cause, and the connection may be proven by reasonable inferences from proven facts or by circumstantial evidence. *Coggins v. Laclede Gas Co.*, 37 S.W.3d 335, 339 (Mo. App. E.D. 2000). "In the absence of compelling evidence establishing the absence of causation, the causation question is for the jury." *Id.*

In granting summary judgment in favor of County on the issue of causation, the trial court relied on the Supreme Court's opinion in *Stanley v. City of Independence*, 995 S.W.2d 485 (Mo. banc 1999). *Stanley* involved a wrongful death action against the city of Independence after the decedents were killed in a car accident caused by a suspect fleeing from police pursuit. *Id.* at 486. The police pursuit in *Stanley* involved speeds up to 70 miles per hour and lasted for forty-five seconds. *Id.* On appeal, the Court found the officer's conduct was not the proximate cause of the collision. *Id.* at 488. Specifically, the Court noted:

> The suspects in the van made the initial decision to flee, sped through red lights and in the wrong lane of traffic, and collided with the decedents. Any negligence by [the officer] is connected to the plaintiffs' injury solely through the conduct of the fleeing van. Thus, the only conceivable causal link between the officer's alleged negligence and the collision is the conjectural effect of his pursuit on the pursued vehicle . . .. There is nothing other than speculation to reach a conclusion that the officer's conduct was a 'cause' of the collision. Put another way, there is no way to tell whether the collision would have been avoided if the officer had abandoned the pursuit after initiating it.

3

*Id.* Accordingly, the Court found there was no factual basis to support a finding of proximate causation and affirmed the trial court's grant of summary judgment in favor of the city. *Id.*

The Western District recently reached a decision similar to *Stanley* when faced with a suit involving a plaintiff who was injured as a result of a suspect fleeing from police officers. *Dilley v. Valentine*, 401 S.W.3d 544, 548 (Mo. App. W.D. 2013). In *Dilley*, the duration of the pursuit lasted less than 120 seconds at speeds of 50-55 miles per hour. *Id.* at 549. The Western District determined the case was factually indistinguishable from *Stanley*, and therefore the Court was bound to find there was no factual basis to support a finding of proximate causation. *Id.*

Plaintiffs seek to distinguish this case from *Stanley* based on the fact that the pursuit in this case covered more distance, lasted for a longer time,[2] and reached higher speeds than the pursuit at issue in *Stanley*. Plaintiffs argue that, unlike in *Stanley*, where the entire pursuit lasted less than a minute, common sense supports a finding that the fleeing suspect in this case would not have continued to drive erratically at high speeds and cause an accident many miles after the deputy terminated pursuit.

The holding in *Stanley* is limited to its facts. Indeed, in reaching its decision, the Supreme Court in *Stanley* stated that it "need not address other fact situations where the alleged negligence of a police officer may in fact proximately cause a collision between the fleeing vehicle and a third party." 995 S.W.2d at 488. Unlike the pursuits at issue in *Stanley* and *Dilley*, which lasted for less than two minutes at maximum speeds of 70 and 55 miles per hour respectively, the pursuit in this case, viewed in the light most favorable to Plaintiffs, lasted up to ten miles and several minutes at speeds approaching 120 miles per hour. Although one would

---

[2] The record is unclear as to how long the pursuit lasted. While Plaintiffs' statement of uncontroverted material facts, admitted to by County for purposes of its motion for summary judgment, indicated the pursuit covered ten miles and lasted 108 seconds, those facts create a logical impossibility. Other portions of the record indicate the pursuit covered 3.5 miles and "several minutes." Regardless, we agree with Plaintiffs that the record, viewed properly, supports a finding that the pursuit lasted longer than the pursuit at issue in *Stanley*.

4

have to speculate that an officer's termination of a pursuit would cause a fleeing suspect to cease driving recklessly within a short period of time and distance, as was the case in *Stanley* and *Dilley*, common sense supports an inference that, as the time and distance between an officer and a fleeing suspect grows, the more likely it becomes that the suspect will cease fleeing in a reckless manner. Stated another way, at some point following an officer's termination of his or her pursuit of a suspect, a fleeing suspect will no longer feel it is necessary to continue driving recklessly to evade capture. For purposes of this opinion, it is unnecessary to determine the exact circumstances necessary to support a reasonable inference that a fleeing suspect would cease fleeing in a reckless manner following an officer's termination of pursuit. It is sufficient to conclude that the circumstances in this case, viewed in the light most favorable to Plaintiffs, support a reasonable inference that the suspect would have ceased driving in a reckless manner and would have avoided the collision with Plaintiffs had the deputy abandoned the pursuit.[3] Accordingly, there is a factual basis to support a finding of causation, and the trial court erred in granting summary judgment in favor of County. Point granted.[4]

### III.   CONCLUSION

We reverse the trial court's grant of summary judgment in favor of County, and the cause is remanded for further proceedings in accordance with this opinion.

GLENN A. NORTON, Judge

Lawrence E. Mooney, P.J., concurs
Clifford H. Ahrens, J., dissents

---

[3] On remand, it will remain Plaintiffs' burden to show the deputy breached a duty by failing to abandon the pursuit.
[4] Because we find the trial court erred in granting summary judgment on the ground that no factual basis exists in the record to support a finding of causation, it is not necessary to discuss Plaintiffs' second point on appeal which claims the trial court erred in granting summary judgment because County failed to comply with the requirements of Missouri Supreme Court Rule 74.04(c) (2014).

5



# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

MARGARET MOYER,           )      No. ED100931

   and                          )

LORETTA POGUE,              )      Appeal from the Circuit Court
                               )       of St. Francois County

      Appellants,             )

   and                          )

JOHN POGUE,                )      Hon. Robin E. Fulton

      Plaintiff,               )

vs.                                )

ST FRANCOIS COUNTY SHERIFF,   )
DEPARTMENT,                )

      Respondent.           )      FILED:  September 30, 2014

### DISSENT

I respectfully dissent, and would affirm the judgment of the trial court.  The Supreme Court's opinion in *Stanley v. City of Independence*, 995 S.W.2d 485 (Mo. banc 1999) is controlling in this case.

The Supreme Court in *Stanley*, 995 S.W.2d at 488, held that "[p]roximate cause cannot be based on pure speculation and conjecture."  As in *Stanley*, the undisputed facts show that the suspect made the initial decision to flee, in this case initially on a highway rather than through a residential area with homes, parking lots, and traffic lights.  Like *Stanley*, the suspect wove

through traffic, driving at times on the highway shoulder. The pursuit similarly took place during rush hour. In the present case, at all relevant times Officer Hill's emergency lights and siren were activated and the undisputed facts show that he backed off the pursuit at least once, which is similar to the behavior of the officers in *Stanley*. As in *Stanley*, there is nothing here other than speculation and conjecture to reach a conclusion that the officer's conduct was the proximate cause of the collision. The plaintiffs' injuries were caused in a collision between a vehicle with stolen plates driven by a suspected felon and plaintiffs' vehicle at the end of a high speed chase. The deputy sheriff's vehicle was not involved in the accident.

The majority opinion concludes that the Supreme Court's holding in *Stanley* is limited to the particular facts of that case, observing that it stated that "[w]e need not address other fact situations where the alleged negligence of a police officer may in fact proximately cause a collision between the fleeing vehicle and a third party. Id. The cases cited by the Supreme Court as examples where the alleged negligence of a police officer could be the proximate cause of a collision between a fleeing car and a third party did not turn on issues of the speed, distance, or duration of the high speed chase. *Cannada v. Moore*, 578 S.W.2d 597 (Mo. banc 1979) involved the negligence of a police officer who was not pursuing the fleeing vehicle, but rather was trying to assist the pursuit by getting ahead of the chase and blocking part of the highway. The officer parked his unmarked car partially on the shoulder of the highway and partially in the right lane, creating a dangerous situation for motorists as the officer knew that the pursuing police car had the fleeing vehicle "cornered" in the right lane of the highway by pacing alongside the driver's side of the fleeing automobile. The officer stated that he knew that the driver of the fleeing vehicle "was going to run over them people if he was going as fast as he said he was…" The officer remained in his unmarked car instead of exiting and trying to direct or warn off oncoming vehicles, and the pursuing officer did not know about the unmarked

2

parked police car.  *Thain v. City of New York*, 30 N.Y.2d 524, 330 N.Y.S.2d 67, 280 N.E.2d 892, 893 (1972), involved the failure of the pursuing police officers to operate their lights and sirens during the pursuit, which was a violation of a statute or of a formal policy regarding pursuit.  *Thain* was cited by the Supreme Court in *Oberkramer v. City of Ellisville*, 706 S.W.2d 440, 442 (Mo. banc 1986) as an example that in the majority of decisions that found liability on the part of pursuing police officers, the plaintiffs alleged specific violations of statute or formal policy by the pursuing police officers.  That is not the situation in the present case.

The majority opinion contends that the time, distance, and greater speeds here should allow a "common sense" inference that the suspect would have ceased driving in a reckless manner had the deputy abandoned the chase.  Such an inference would, like in *Stanley*, be rank conjecture and speculation.  There are no summary judgment facts which would support a conclusion that the officer's chase caused the collision between the suspect's and the plaintiff's vehicles.  I would affirm the judgment of the trial court.


_____
CLIFFORD H. AHRENS, Judge

3