CLIFFORD H. AHRENS, Judge.
I respectfully dissent, and would affirm the judgment of the trial court. The Supreme Court’s opinion in Stanley v. City of Independence, 995 S.W.2d 485 (Mo. banc 1999) is controlling in this case.
The Supreme Court in Stanley, 995 S.W.2d at 488, held that “[pjroximate cause cannot be based on pure speculation and conjecture.” As in Stanley, the undisputed facts show that the suspect made the initial decision to flee, in this case initially on a highway rather than through a residential area with homes, parking lots, and traffic lights. Like Stanley, the suspect wove through traffic, driving at times on the highway shoulder. The pursuit similarly took place during rush hour. In the present case, at all relevant times Officer Hill’s emergency lights and siren were activated and the undisputed facts show that he backed off the pursuit at least once, which is similar to the behavior of the officers in Stanley. As in Stanley, there is nothing here other than speculation and conjecture to reach a conclusion that the officer’s conduct was the proximate cause of the collision. The plaintiffs’ injuries were caused in a collision between a vehicle with stolen plates driven by a suspected felon and plaintiffs’ vehicle at the end of a high speed chase. The deputy sheriffs vehicle was not involved in the accident.
The majority opinion concludes that the Supreme Court’s holding in Stanley is limited to the particular facts of that case, observing that it stated that “[w]e need not address other fact situations where the alleged negligence of a police officer may in fact proximately cause a collision between the fleeing vehicle and a third party.” Id. The cases cited by the Supreme Court as examples where the alleged negligence of a police officer could be the proximate cause of a collision between a fleeing car and a third party did not turn on issues of the speed, distance, or duration of the high speed chase. Cannada v. Moore, 578 S.W.2d 597 (Mo. banc 1979) involved the negligence of a police officer who was not pursuing the fleeing vehicle, but rather was trying to assist the pursuit by getting ahead of the chase and blocking part of the highway. The officer parked his unmarked car partially on the shoulder of the highway and partially in the right lane, creating a dangerous situation for motorists as the officer knew that the pursuing police car had the fleeing vehicle “cornered” in the right lane of the highway by pacing alongside the driver’s side of the fleeing automobile. The officer stated that he knew that the driver of the fleeing vehicle “was going to run over them people if he was going as fast as he said he was *420 ...” The officer remained in his unmarked car instead of exiting and trying to direct or warn off oncoming vehicles, and the pursuing officer did not know about the unmarked parked police car. Thain v. City of New York, 30 N.Y.2d 524, 380 N.Y.S.2d 67, 280 N.E.2d 892, 893 (1972), involved the failure of the pursuing police officers to operate their lights and sirens during the pursuit, which was a violation of a statute or of a formal policy regarding pursuit. Thain was cited by the Supreme Court in Oberkramer v. City of Ellisville, 706 S.W.2d 440, 442 (Mo. banc 1986) as an example that in the majority of decisions that found liability on the part of pursuing police officers, the plaintiffs alleged specific violations of statute or formal policy by the pursuing police officers. That is not the situation in the present case.
The majority opinion contends that the time, distance, and greater speeds here should allow a “common sense” inference that the suspect would have ceased driving in a reckless manner had the deputy abandoned the chase. Such an inference would, like in Stanley, be rank conjecture and speculation. There are no summary judgment facts which would support a conclusion that the officer’s chase caused the collision between the suspect’s and the plaintiffs vehicles. I would affirm the judgment of the trial court.