Gloria **KINDER**, Appellant,

v.

**MISSOURI DEPARTMENT OF CORRECTIONS,** Respondent.

No. WD 58592.

Missouri Court of Appeals, Western District.

Feb. 13, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 2001.

Application to Transfer Denied May 29, 2001.

Robert B. Reesler, Jr., Sedalia, for appellant.

David A. Johnston, Jefferson City, for respondent.

Before HOLLIGER, P.J., LOWENSTEIN and NEWTON.

LOWENSTEIN, Judge.

The appellant, Gloria Kinder, an inmate in the Missouri Department of Corrections (DOC) system, was injured when a van driven by an employee of the DOC went off of the highway and overturned. The trial court sustained the DOC's motion for summary judgment which stated that the one-year statute of limitation contained in § 516.145, RSMo 1994,[1] applied thus bar-

---

1. All statutory references are to RSMo 1994, unless otherwise indicated. Section 516.145 states, "Within one year: all actions brought by an offender, as defined in § 217.010

ring Kinder's claim. Because this court finds that § 516.145 is the applicable statute of limitation, the judgment of the trial court is affirmed.

## Factual and Procedural History

On April 21, 1993, Lillian Vaughn, a correctional officer employed by the DOC, picked up nine female inmates at the Renz Correctional Center to transport them by van to the Boonville Correctional Center. Kinder was injured when Ms. Vaughn lost control of the van. The van overturned and went off of the highway. Kinder was knocked unconscious and had to be hospitalized for several days. Kinder filed a petition for personal injuries on April 16, 1998. In her amended petition filed in July of 1998, she alleged that the DOC was a political subdivision of the state of Missouri and had waived sovereign immunity for vehicular accidents pursuant to § 537.600. The petition also claimed that the van's driver, Lillian Vaughn, an agent and employee of the Missouri Dept. of Corrections, was negligent.[2] The DOC was the only defendant in the case.

The DOC filed a motion for summary judgment alleging that it was entitled to summary judgment on the ground that Kinder's petition was not filed within the one-year statute of limitation contained in § 516.145. The circuit court sustained DOC's motion for summary judgment. Kinder appeals the judgment of the circuit court.

RSMo, against the department of corrections or any entity or division thereof, or any employee or former employee for an act in an official capacity, or by the omission of an official duty."

2. The specific claims of negligence are: driving at an excessive speed, failing to keep a careful lookout, failing to drive on the main traveled portion of the roadway, failing to

## Standard of Review

■ Summary judgment is proper where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). The propriety of summary judgment is purely an issue of law which we review *de novo. Id.* The judgment will be affirmed by this court if it is sustainable as a matter of law under any theory. *Judy v. Arkansas Log Homes, Inc.,* 923 S.W.2d 409, 414 (Mo.App. 1996).

■ For purposes of summary judgment, a "defending party" is one against whom recovery is sought. *ITT,* 854 S.W.2d at 380. Thus, in the case at bar, DOC is the defending party. "[A] 'defending party' may establish a right to judgment by showing . . . that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly pleaded affirmative defense." *Id.* at 381. The judgment here was based on the legal determination of the applicability of the one-year statute of limitation, making this review only of a question of law.

## I.

■ Kinder argues in her first point that the circuit court erred in granting the DOC's motion for summary judgment because the applicable statute of limitation is five years as indicated in § 516.120(4),

keep the motor vehicle under such control that it could have been stopped, slowed or swerved upon the first appearance of danger, failing to equip her motor vehicle with seatbelts for inmates who were handcuffed, shackled and otherwise restrained, failing to restrain plaintiff by the use of a seatbelt or other safety restraint.

which governs personal injury actions, rather than the one-year statute of limitation contained in § 516.145.

Kinder asserts that the legislature did not intend for § 516.145 to reduce the time limit for filing lawsuits for personal injury actions resulting from negligent driving by a DOC employee. Kinder's theory that the five-year statute of limitation for personal injuries applies is as follows: 1) In 1978 the legislature adopted § 537.600 which waived sovereign immunity for injuries resulting from negligence of public employees operating public vehicles; 2) The doctrine of official immunity shields government officials from civil liability related to their performance of discretionary duties, but does not affect their liability for ministerial duties; 3) Operating a motor vehicle in non-emergency situations, such as in the case at bar, is not a discretionary duty so, under the doctrine of official immunity it did not apply to the driver. *Davis–Bey v. Missouri Department of Correction*, 944 S.W.2d 294, 297–98 (Mo. App.1997); 4) Under the public duty doctrine (public employee not liable to individuals for injuries resulting from breach of duty owed general public at large), the public employee driver is not shielded from liability where the duty, as here, was to "all who might be injured by his negligent operation of the vehicle, not just the public at large." *Id.* at 298 (citing *Brown v. Tate*, 888 S.W.2d 413, 415 (Mo.App. 1994)); 5) Therefore, enactment of § 546.145 in 1990 did nothing to reduce the time allowed to file cases involving injuries resulting from the negligent operation of a vehicle by a corrections official.

Although *Davis–Bey* involved an inmate who was injured in a situation similar to the present case, the statute of limitation for filing such an action was not an issue. The inmate in *Davis–Bey* was injured on August 26, 1995, and filed suit on February 15, 1996, well within the limitation period of § 516.145. *Id.* at 296. Since *Davis–Bey* is not instructive on this issue, it is necessary to turn our attention to cases in which § 516.145 was directly in issue.

*Cooper v. Minor*, 16 S.W.3d 578, 581 (Mo. banc 2000), is the first and only case in which § 516.145 has been outcome-determinative.[3] In *Cooper*, the Supreme Court of Missouri upheld the dismissal of an inmate's petition challenging prison officials' actions in confiscating the inmate's personal papers, finding that his action was time-barred by § 516.145. Although the Court in *Cooper* determined that § 516.145 barred the inmate's claim, the decision did not analyze which types of cases the legislature intended § 516.145 to bar after a period of one year. To do so, this court will look to the plain and ordinary meaning of the words used in § 516.145.

■ The primary rule of statutory construction requires a court to determine legislative intent by considering the plain and ordinary meaning of words used in the statute. *State of Kansas, Secretary of SRS v. Briggs*, 925 S.W.2d 892, 895 (Mo. App.1996). When the language of a statute is clear and unambiguous, there is no room for construction. *Id.* To determine whether a statute is clear and unambiguous, this court looks to whether the language is plain and clear to a person of ordinary intelligence. *Wheeler v. Board of Police Com'rs of Kansas City*, 918 S.W.2d 800, 803 (Mo.App.1996). The court will only look past the plain and ordinary

---

3. This court in *Cooper v. Knox*, 950 S.W.2d 498, 503 (Mo.App.1997) stated in dicta that an inmate's claims against prison officials and medical staff would have been time-barred by § 516.145.

meaning of a statute when the language is ambiguous or leads to an illogical result. *Id.*

Section 516.145 reads, "Within one year: all actions brought by an offender, as defined in § 217.010, against the department of corrections or any entity or division thereof, or any employee or former employee for an act in an official capacity, or by the omission of an official duty." Neither party disputes that Kinder is an offender as defined in § 217.010, or that Ms. Vaughn was a correctional officer employed by the DOC. The phrases of § 516.145 that require a closer look are "all actions" and "an act in an official capacity."

Section 516.145 states that it pertains to *all* actions brought by an offender. The word "all" prefacing the word "actions" indicates that the legislature did not intend for there to be any type of claim that an offender could bring that would be an exception to the one-year time limit in § 516.145. "All" is defined as "the whole number, quantity or amount." Webster's Collegiate Dictionary 29 (10th ed.1993). As such, Kinder's claim falls within the phrase "all actions brought by an offender." The only question that remains is whether transporting inmates in a DOC van is an "act in an official capacity."

■ The phrase "act in an official capacity" means that a public servant is acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic. *See State v. O'Neill*, 103 Wash.2d 853, 700 P.2d 711, 715 (1985). In its plain and ordinary meaning, the phrase is used to delineate between an action performed for work purposes rather than for personal ones. In fact, other jurisdictions have recognized that a corrections officer is acting in an official capacity when transporting prisoners. *See Gray v. De Bretton*, 184 So. 390, 394 (La.Ct.App. 1938); *Maye v. Pearl River County*, 758 So.2d 391, 392 (Miss.1999); *State v. Henderson*, 24 S.W.3d 307, 310 (Tenn. 2000). Based on this interpretation, Ms. Vaughn was acting in an official capacity when she was transporting Kinder and the other inmates in the van. Given the plain and ordinary meaning of the terms in § 516.145, it is clear that the statute applies to Kinder's personal injury claim.

Kinder also argues that § 516.145 is analogous to § 516.130, which provides a three-year statute of limitation for actions against sheriffs or other officers "upon a liability incurred by the doing of an act in his official capacity...." Kinder cites *Nitcher v. Newton County Jail*, 751 S.W.2d 800 (Mo.App.1988), in which an inmate brought an action against the sheriff of the jail for mistreatment. The sheriff asserted that the inmate's cause of action was barred by § 516.130. *Id.* at 802. The inmate, relying on *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985),[4] argued that his action should be characterized as a personal injury claim, subject to the five-year statute of limitation in § 516.120(4). *Id.* The inmate's petition was ultimately treated as a 42 U.S.C. § 1983 action and thus, subject to the five-year statute of limitation contained in § 516.120(4). *Id.* Kinder claims that since the court in *Nitchter* held that the inmate's personal injury claim was governed by the personal injury statute of limitation in § 516.120(4), it must also be applicable in the case at bar. *Nitchter*, however, is distinguishable from the pres-

---

4. "[T]he Supreme Court of the United State held in *Wilson* that the forum state's statute of limitation applicable to tort actions for the recovery of damages for personal injuries was the one to be applied to actions under 42 U.S.C. § 1983." *Nitcher*, 751 S.W.2d at 803.

ent case in that it concerns the applicable statute of limitation for a § 1983 action.

Kinder did not file this action within one year from her injury. Based upon the plain and ordinary meaning of § 516.145, this court finds that the circuit court was correct in granting summary judgment in favor of the DOC.

## II.

Kinder argues in her second point that if § 516.145 is deemed to be applicable, it is unconstitutional as it violates equal protection, due process and the prohibition against special legislation.

The Supreme Court of Missouri in *Cooper* held that § 516.145 was constitutional as it did not violate equal protection, due process or the prohibition against special legislation. 16 S.W.3d at 582 (citing *Magee v. Blue Ridge Professional Bldg. Co., Inc.*, 821 S.W.2d 839, 845 (Mo. banc 1991); *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822 (Mo. banc 1991)). This court is constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court. MO. CONST., art. V, sec. 2 (1945); *Crede v. City of Oak Grove*, 979 S.W.2d 529, 534 (Mo.App.1998). Since Kinder's constitutional concerns about this statute have been addressed by the supreme court, her second point is dismissed.

The judgment of the circuit court is affirmed.

All concur.