**James P. HOWARD, Appellant,**

v.

**SSM ST. CHARLES CLINIC MEDICAL GROUP, INC., and Rodrigo Goh, M.D., Respondents.**

**No. ED 97312.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 20, 2012.

Matthew R. Davis, Timothy L. Gallagher, St. Louis, MO, for Appellant.

Timothy J. Gearin, Scott T. Jansen, St. Louis, MO, for Respondent.

ROY L. RICHTER, Judge.

James Howard ("Plaintiff") appeals from the trial court's judgment dismissing Plaintiff's medical malpractice lawsuit against defendants Rodrigo Goh, M.D., ("Dr. Goh") and SSM St. Charles Clinic Medical Group, Inc. ("SSM"). Because Plaintiff untimely filed his health care affidavits pursuant to Section 538.225 RSMo (Cum.Supp.2005)[1] we affirm the trial court's dismissal.

## I. Background

Plaintiff underwent knee replacement surgery on March 6, 2007, and was treated post-operatively by Dr. Goh, an employee and agent of SSM. Plaintiff alleged Dr. Goh was negligent in his treatment in failing "to properly assess and treat Plaintiff's post operative physical condition;" failing "to diagnose a dilated cecum;" and failing "to treat the dilated cecum before the ce-cum perforated." Plaintiff further alleged that Dr. Goh's negligence caused or contributed to damages to Plaintiff.

On March 4, 2009, Plaintiff filed a medical negligence lawsuit against Dr. Goh and SSM (collectively, "Defendants"), as well as numerous other defendants.

On June 1, 2009, Plaintiff filed a motion for additional time to file his Section 538.225 affidavit. The motion simply stated, "COMES NOW Plaintiff, [ ] by and through the undersigned counsel, and hereby requests additional time, up to and including August 31, 2009, to file affidavits in accordance with Section 538.225[ ]." There is no evidence on the record that the trial court ruled on such motion.

On July 21, 2009, Plaintiff filed affidavits of merit as to his claims against Dr. Goh and SSM, stating he obtained the written opinion of Ira Kodner, M.D. ("Dr. Kodner"), a legally qualified health care provider, that Dr. Goh and SSM "failed to use such care as a reasonably prudent and careful health care provider would have used under similar circumstances" and that such failure "directly caused or directly contributed to cause the damages to [Plaintiff] as claimed in the petition."

Plaintiff filed a First Amended Petition on July 31, 2009.

On August 14, 2009, Defendants each filed answers denying Plaintiff's allegations of negligence and asserting as an affirmative defense that Plaintiff's affidavits were defective. Further, Defendants filed a motion to strike Plaintiff's affidavits of merit directed to them, arguing the affidavits were untimely filed and, thus, the case should be dismissed without prejudice; and also arguing Dr. Kodner was cated.

---

1. All subsequent statutory citations are to RSMo Cum.Supp.2005, unless otherwise indi-

not a "legally qualified health care provider" within the meaning of Section 538.225.

On October 16, 2009, the circuit court denied Defendants' motion to strike based on the argument that Dr. Kodner had a medical specialty different from Defendants. Defendants filed a motion to reconsider, however, and, on November 13, 2009, the trial court entered a judgment reconsidering its ruling on the motion to strike. The trial court concluded that its original ruling was incorrect and therefore, ordered the case be dismissed without prejudice as to Defendants. Plaintiff voluntarily dismissed his claims against the other defendants, and on September 16, 2011, Plaintiff filed a notice of appeal to this Court.

## II. Discussion

In his sole point on appeal, Plaintiff claims the trial court erred in dismissing Plaintiff's cause of action against Defendants because Dr. Kodner is a legally qualified health care provider in accordance with Section 538.225. Plaintiff argues that Section 538.225 should be interpreted as the Missouri Supreme Court outlined in *Spradling v. SSM Health Care St. Louis,* 313 S.W.3d 683 (Mo. banc 2010), such that health care providers "practicing substantially the same specialty as the defendant" is defined as someone who has the same aptitude or skill at issue in the case. Plaintiff contends Dr. Kodner, therefore, legally qualifies because he has an aptitude or skill in treating patients after surgeries.

Before analyzing Plaintiff's issue on appeal, we first look to this Court's standard of review. An appellate court reviews the trial court's grant of a motion to dismiss *de novo. Foster v. State,* 352 S.W.3d 357, 359 (Mo. banc 2011).

In determining whether a motion to dismiss should have been granted, the appellate court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. If the motion to dismiss can be sustained on any ground alleged in the motion, the trial court's ruling will be affirmed.

*Id.* (internal citations omitted).

Section 538.225 requires a plaintiff suing a health care provider to "file an affidavit with the court stating that [the plaintiff] has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances," which directly caused or contributed to the damages claimed in the petition. The statute requires that the "affidavit *shall* be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days." Section 538.225.5 (emphasis added). Further, "[i]f the plaintiff or his attorney fails to file such affidavit the court *shall,* upon motion of any party, dismiss the action against such moving party without prejudice." Section 538.225.6 (emphasis added).

The primary rule of statutory construction is to determine the intent of the legislature from the language of the statute. *SSM Health Care St. Louis v. Schneider,* 229 S.W.3d 279, 281 (Mo.App. E.D.2007). A court gives effect to the legislature's intent, if possible, and considers the words in their plain and ordinary meaning. *Id.* Where the statute's language is unambiguous, there is no place for statutory construction. *Id.* We presume that the legislature intended that every word and each provision have effect.

*Id.* When a statute mandates that something be done by providing that it "shall" occur upon a failure to comply with the statute, it is clear that it is mandatory and must be obeyed. *Id.*

This Court held in *Schneider* that the language of Section 538.225.5–6 "is clear and unambiguous." *Id.* If a party filed a motion to dismiss for failure to file a health care affidavit, and a statutorily adequate health care affidavit has not been timely filed, the trial court must dismiss the complaint without prejudice. *Id.*

Here, Plaintiff was required to file a health care affidavit ninety days from the date he filed his petition. While the statute provides that this time may be extended for a period of up to an additional ninety days, it only does so when "the court, for good cause shown, orders that such time be extended." Section 538.225.5. The record here provides no evidence that the trial court ordered such time be extended for good cause. Furthermore, the record is void of *any* cause shown whatsoever, much less *good* cause. Plaintiff's motion simply stated one sentence, "COMES NOW Plaintiff, [ ] by and through the undersigned counsel, and hereby requests additional time, up to and including August 31, 2009, to file affidavits in accordance with Section 538.225[ ]." Finding no excuses on the record, Plaintiff's request to extend time to file an affidavit does not constitute good cause. *See Mello v. Giliberto,* 73 S.W.3d 669, 680 (Mo.App. E.D.2002) (trial court did not abuse its discretion in determining that the plaintiff's excuses for failure to file affidavits, including illegible copies of medical records, an automobile accident, experts' need for more time, and claim to have produced an affidavit from a nurse on nursing issues, did not constitute good cause).

Section 538.225.6 further directs this Court when a plaintiff has failed to file its health care affidavit within the confines of the statute. Plaintiff argues in his reply brief that "it is clear that the trial court denied [Defendants'] first motion to dismiss based upon their timeliness argument, and therefore, allowed the plaintiff the full 180 days to file his affidavit, which he complied with." We disagree. Because Plaintiff's affidavit was not timely filed within an extension of time granted for good cause shown, upon a motion of any party, the trial court was required to dismiss the action without prejudice. Section 538.225.6. Defendants filed answers including the affirmative defense that the affidavits were defective, and they filed a motion to strike alleging that the affidavits were untimely filed and the case should be dismissed without prejudice. Upon Defendants' motion, Section 538.225 required that the trial court dismiss Plaintiff's petition without prejudice. Accordingly, the trial court did not err in dismissing Plaintiff's lawsuit against Defendants.

Whether Plaintiff's affidavit otherwise complied with the requirements of Section 538.225 as Plaintiff argues in his appeal is moot. *See J.K.M. v. Dempsey,* 317 S.W.3d 621, 628 (Mo.App. S.D.2010).

### III. Conclusion

The judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, P.J., and GARY M. GAERTNER, JR., J., concur.