Stephanie **DILLEY**, Appellant,

v.

**Michael VALENTINE,**
**et al., Respondent.**

**No. WD 74790.**

Missouri Court of Appeals,
Western District.

June 18, 2013.

David S. Baker, for Respondent.

Before Division One: MARK D. PFEIFFER, Presiding Judge, VICTOR C. HOWARD, Judge and ALOK AHUJA, Judge.

VICTOR C. HOWARD, Judge.

Stephanie Dilley appeals the trial court's summary judgment entered in favor of Michael Valentine and his employer, the City of Independence, Missouri (City), on her claims for damages for injuries she sustained when a fleeing vehicle struck her car at the conclusion of a police pursuit. The judgment is affirmed in part and reversed in part, and the case is remanded to the trial court for further proceedings.

**Factual and Procedural Background**

Ms. Dilley originally filed suit against Officer Valentine and the City on August 19, 2009 (*Dilley I*). *Dilley I* was dismissed without prejudice in January 2010 for want of prosecution. On September 20, 2010, Ms. Dilley filed the underlying three-count petition for damages against Officer Valentine and the City. Her theo-ries of recovery were that Officer Valentine was negligent (Count I) and reckless (Count II) in initiating the pursuit and continuing to pursue the fleeing suspect and that the City was vicariously liable for Officer's Valentine's actions (Count III). She further alleged that the City was negligent in failing to properly train and supervise Officer Valentine and in failing to implement appropriate policies and procedures (Count III).

On October 15, 2011, Officer Valentine and the City filed their motion for summary judgment, accompanying suggestions in support, and statement of uncontroverted facts. They argued that the facts in this case were indistinguishable from those in the Missouri Supreme Court case, *Stanley v. City of Independence*, 995 S.W.2d 485, 488 (Mo. banc 1999), which held that the pursuing officer was not the proximate cause of a collision between a fleeing suspect and an innocent third-party.

In her response to the motion for summary judgment filed on December 21, 2011, Ms. Dilley admitted every fact presented in the defendants' statement of uncontroverted facts. Those uncontroverted facts established the following. Officer Valentine was employed as a police officer with the City when the incident at issue occurred. Shortly after 8:00 pm on April 25, 2006, he was in a marked police patrol car watching for illegal drug activity in an area of Independence known for such activity. Officer Valentine observed several traffic violations by a red Oldsmobile. After observing the violations, Officer Valentine initiated the overhead emergency lights of his patrol car in an attempt to execute a traffic stop. Both the officer and the red Oldsmobile were in the city limits of the City. When the officer activated his emergency lights, the Oldsmobile did not yield but accelerated and fled from the area.

Officer Valentine then activated the siren of his patrol car and pursued the Oldsmobile. His emergency lights and siren remained on for the duration of the pursuit. The pursuit continued into the city limits of Kansas City, Missouri. As the fleeing vehicle approached the intersection of 40 Highway and Van Brunt, it was traveling at approximately 50–55 miles per hour. At the intersection, the fleeing vehicle collided with a minivan driven by the plaintiff, Stephanie Dilley. At the time of the impact, Officer Valentine was approximately 30–40 yards 99–120 feet behind the fleeing vehicle. The entire pursuit lasted less than two minutes. As a result of the collision, the fleeing suspect was rendered unconscious and later died in a local hospital. At no time during the pursuit did Officer Valentine know the identity of the driver of the fleeing vehicle. There was no physical contact between the patrol car and the Oldsmobile at any time during the pursuit. Officer Valentine was in contact with the Independence Police Dispatcher during the pursuit, and at no time was he told to terminate or discontinue the pursuit.

Ms. Dilley also presented a statement of additional uncontroverted facts in her response to the summary judgment motion. She alleged that at the time the police chase commenced, the sun had already gone down and the roadways were wet from rain earlier in the day. Officer Valentine was informed by dispatch that no warrants were associated with the license plate on the suspect's vehicle. Once the chase moved into Kansas City, Officer Valentine and the suspect were traveling at speeds in excess of 65 miles per hour. The officer conceded that he was unfamiliar with the area once the pursuit moved into Kansas City but that he was aware that several roads converged creating a large and confusing intersection. He also conceded that he had been involved in one other chase where the suspect had been involved in a collision.

The next day, December 22, 2011, before the defendants admitted or denied the additional uncontroverted facts set forth in Ms. Dilley's response, the trial court granted the defendants' motion for summary judgment on all counts finding that under the holding of *Stanley*, Ms. Dilley failed to present a factual basis to support a finding of proximate cause. This appeal by Ms. Dilley followed.

### Standard of Review

Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* at 376. Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.*

A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action, (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the

movant's properly-pleaded affirmative defense. *Id.* at 381.

■ Once the movant has established a right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.* "The non-movant never needs to establish a right to judgment as a matter of law; the non-movant needs only show that there is a genuine dispute as to the facts underlying the movant's right to judgment." *Id.* at 381–82.

### Negligence

■ To sue for negligence, the plaintiff must prove (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury. *Stanley v. City of Independence,* 995 S.W.2d 485, 487 (Mo. banc 1999). The General Assembly has waived sovereign immunity for "[i]njuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment." § 537.600.1, RSMo Cum.Supp.2011. "The language 'directly resulting from' in section 537.600 corresponds to proximate cause." *Stanley,* 995 S.W.2d at 488 (citing *State ex rel. Mo. Highway & Transp. Comm'n v. Dierker,* 961 S.W.2d 58, 60 (Mo. banc 1998)). "The general test for proximate cause is whether the injury is the natural and probable consequence of the defendant's negligence." *Id.* To determine whether proximate cause is shown, each case is decided on its own facts. *Id.* "Proximate cause cannot be based on pure speculation and conjecture." *Id.* "Under respondeat superior, an employer is liable for damages from the misconduct of its employee acting within the course and scope of employment." *Id.* at 487.

■ Ms. Dilley first argues that "the trial court wrongly concluded causation is never present where the injury results from contact with fleeing suspect as opposed to contact with the pursuing officer." However, that is not what the trial court concluded. Instead, it found that the facts of this case were so similar to those of *Stanley* that *Stanley* was controlling and it would be erroneous to make a ruling contrary to the decision. Ms. Dilley also argues that proximate cause could be found under the facts in this case.

Both *Stanley* and this case involve plaintiffs who were injured as a result of motorists fleeing from police officers. In *Stanley,* the fleeing suspect was driving a van that matched the description of a vehicle involved in a robbery thirty minutes earlier. *Id.* at 486. When the van was spotted by Officer Hill, he attempted to initiate a traffic stop by turning on the emergency lights of his marked patrol car and giving a "quick yelp" of the siren. *Id.* The van did not yield; instead, it fled and Officer Hill pursued activating the siren. *Id.* The officer followed the van through a residential neighborhood and on various surface streets at speeds of approximately 55 miles per hour. *Id.* As the fleeing van approached an intersection, the traffic in its lane was stopped at a stoplight. *Id.* The van veered into the oncoming lane of traffic at nearly 70 miles an hour. *Id.* Michael and David Stanley were traveling in their vehicle, approaching the same intersection from the opposite direction. *Id.* They were in the proper lane of traffic and attempted to get out of the way of the

fleeing van. *Id.* Their vehicle was struck by the van, and both men were killed. *Id.* At the moment of impact, Officer Hill was 191 feet behind the van. *Id.* The entire duration of the pursuit lasted 45 seconds. *Id.*

Plaintiffs alleged that Officer Hill acted negligently by initiating, continuing, and failing to terminate the chase that ended with the decedents' deaths. *Id.* at 487. They also asserted that the officer's employer, the city of Independence, was liable under respondeat superior. *Id.* The issue in *Stanley* was proximate cause. *Id.* at 487–88. The Missouri Supreme Court concluded that the pursing officer's conduct was not a proximate cause of the collision. *Id.* at 488. The Court explained:

> The suspects in the van made the initial decision to flee, sped through red lights and in the wrong lane of traffic, and collided with the decedents. Any negligence by [O]fficer Hill is connected to the plaintiffs' injury solely through the conduct of the fleeing van. Thus, the only conceivable causal link between the officer's alleged negligence and the collision is the conjectural effect of his pursuit on the pursued vehicle. Shortly after initiating the pursuit, the officer observed, "this guy is going nuts on us." There is nothing other than speculation to reach a conclusion that the officer's conduct was a "cause of the collision." Put another way, there is no way to tell whether the collision would have been avoided if the officer had abandoned the pursuit after initiating it. Thus, there is no factual basis to support a finding of proximate cause.

*Id.*

This court is constitutionally bound to follow the last controlling decision of the Missouri Supreme Court. Mo. Const. art. V, sec. 2; *State v. Aaron,* 218 S.W.3d 501, 517 (Mo.App. W.D.2007); *Godfrey v. Union Elec. Co.,* 874 S.W.2d 504, 505 (Mo. App. E.D.1994). The facts in this case are very similar to those in *Stanley;* thus, *Stanley* is controlling on Ms. Dilley's negligence claims. Like in *Stanley,* Officer Valentine was pursuing a fleeing suspect. The emergency lights and sirens of his marked police car were activated. The officer's car was not physically involved in the accident; his patrol car was approximately 120 feet behind the fleeing suspect at the time of the accident. The duration and speed of the pursuit in this case were also similar to those in *Stanley*—the pursuit lasted less than 120 seconds and speeds of 50–55 miles an hour were reached.

As in *Stanley,* when faced with a summary judgment motion, Ms. Dilley presented no factual basis to support an essential element of her negligence claims— that the defendants' conduct was the proximate cause of her injury. That the collision would have been avoided had Officer Valentine abandoned the pursuit is based only on speculation. Officer Valentine and the City were entitled to judgment as a matter of law on the negligence claims.

### Recklessness

In addition to granting summary judgment against Ms. Dilley on her negligence claims, the trial court granted summary judgment against her on her claims against Officer Valentine and the City for recklessness. Ms. Dilley argues that unlike in *Stanley,* she pleaded a claim for recklessness. Citing a comment to section 501 of the Restatement (Second) of Torts and other cases outside of Missouri, she contends that a more relaxed standard of proximate cause applies under a recklessness claim.

Rule 74.04(c)(1) states, in pertinent part, that "[a] motion for summary judgment shall summarily state the legal basis for the motion. A statement of uncontroverted material facts shall be attached to the motion." The movant is required to set forth the specific basis for summary judgment and list specific references to the record to support that basis so the opposing party, the trial court, and the appellate court are apprised of the movant's claim of entitlement to summary judgment. *Public Sch. Retirement Sys. of Mo. v. Taveau*, 316 S.W.3d 338, 343 (Mo. App. W.D.2010). "The movant bears the burden of establishing both a legal right to judgment and the absence of any genuine issue of material fact required to support the claimed right to judgment." *Kinnaman–Carson v. Westport Ins. Corp.*, 283 S.W.3d 761, 765 (Mo. banc 2009)(internal quotes and citation omitted). Compliance with the rule is mandatory because the underlying purpose of the rule is directed toward helping the court expedite the disposition of the case. *Taveau*, 316 S.W.3d at 343. "Generally, failure to comply with Rule 74.04(c)(1) warrants a trial court's denial of a summary judgment motion and warrants an appellate court's reversal of the grant of summary judgment." *Hargis v. JLB Corp.*, 357 S.W.3d 574, 586 (Mo. banc 2011)(internal quotes and citation omitted). Even if no responsive pleading is filed in opposition to a summary judgment motion, the trial court is prohibited from granting summary judgment unless the facts and the law support it. *Kinnaman–Carson*, 283 S.W.3d at 765.

In this case, Officer Valentine and the City sought summary judgment on all of Ms. Dilley's claims based on the lack of proximate cause under *Stanley*. They set out facts relevant to the proximate cause issue and argued that the facts were indistinguishable from those in *Stanley*, therefore, *Stanley* controlled. Although Ms. Dilley, as the non-moving party, was not required to establish a right to judgment as a matter of law, she argued in her response to the motion for summary judgment that *Stanley* did not apply to her recklessness claims. She also presented a statement of additional uncontroverted facts to support her recklessness claims. But before Officer Valentine and the City admitted or denied Ms. Dilley's additional facts, the trial court granted summary judgment in their favor on all claims based on *Stanley*.

Missouri recognizes a cause of action for recklessness. *Hatch v. V.P. Fair Foundation, Inc.*, 990 S.W.2d 126, 139 (Mo.App. E.D.1999). The Missouri Supreme Court has explained and defined such cause of action as follows:

Negligence is one kind of tort, an unintentional injury usually predicated upon failure to observe a prescribed standard of care (52 Am.Jur., Sec. 20) while a willful, wanton, reckless injury is another kind of tort, an intentional injury often based upon an act done in utter disregard of the consequences. 52 Am. Jur., Secs. 22, 23; 38 Am.Jur., Secs. 4, 5. Reckless conduct may be negligent in that it is unreasonable but it is and must be something more than unreasonable, "it must contain a risk of harm to others in excess of that necessary to make the conduct unreasonable and therefore, negligent." 2 Restatement, Torts, p. 1294. "The actor's (defendant's) conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree

of probability that substantial harm will result to him." 2 Restatement, Torts, Secs. 500, 501.

*Nichols v. Bresnahan,* 357 Mo. 1126, 212 S.W.2d 570, 573 (1948). *See also Armoneit v. Ezell,* 59 S.W.3d 628, 633 (Mo.App. E.D.2001); *Hatch,* 990 S.W.2d at 139–40. "Recklessness looks to the tortfeasor's state of mind." *Hatch,* 990 S.W.2d at 139. It "is an aggravated form of negligence which differs in quality, rather than in degree, from ordinary lack of care." *Id.* "It is possible to have a cause of action for [recklessness] which does not in any manner involve negligence." *Nichols,* 212 S.W.2d at 573.

*Stanley* involved only claims for negligence, not recklessness. It did not analyze or decide proximate cause for a recklessness claim. Officer Valentine and the City's motion for summary judgment asked generally for summary judgment on all claims based on *Stanley.* It did not contain a legal basis explaining why they were entitled to summary judgment on Ms. Dilley's recklessness claims. The trial court erred in granting summary judgment on Ms. Dilley's recklessness claims.

**Statute of Limitations**

■ Officer Valentine argues, in the alternative, that the trial court did not err in entering summary judgment in his favor because the claims against him were barred by the three-year statute of limitations in section 516.130.1, RSMo Cum. Supp.2011. Prior to the motion for summary judgment based on the lack of proximate cause, Officer Valentine filed a motion for summary judgment based on the statute of limitations, which was denied. Because review is *de novo,* the trial court's summary judgment can be sustained on any ground supported by the summary judgment record, even if different than the one posited by the trial court. *Rice v.*

*Shelter Mut. Ins. Co.,* 301 S.W.3d 43, 46 (Mo. banc 2009); *ITT Commercial Fin.,* 854 S.W.2d at 387–88; *United Mo. Bank, N.A. v. City of Grandview,* 105 S.W.3d 890, 902 (Mo.App. W.D.2003). Thus, Officer Valentine's argument regarding statute of limitations is addressed.

Section 516.130.1 imposes a three year statute of limitations for "[a]n action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty...." The primary rule of statutory construction is to determine the legislature's intent from the language used and, if possible, give effect to that intent. *Howard v. SSM St. Charles Clinic Med. Group, Inc.,* 364 S.W.3d 242, 244 (Mo.App. E.D.2012). A court should consider the plain and ordinary meaning of the terms in the statute. *Id.* It is presumed that the legislature intended that every word and provision of a statute have effect. *Id.*

■ The first question is whether Officer Valentine, a police officer with the City of Independence, is included in the phrase "or other officer." While Missouri appellate courts have never decided whether a municipal police or law enforcement officer is included within the term "other officer" within section 516.130.1, local officials have been held to be included in the term. *See, e.g., Investors Title Co. v. Hammonds,* 217 S.W.3d 288, 299 (Mo. banc 2007)(suit against county and recorder of deeds to recover for money had and received from cashier's overcharges to cover theft was a suit "against an officer" governed by section 516.130.1); *State ex rel. School Dist. of Sedalia v. Harter,* 188 Mo. 516, 87 S.W. 941, 943 (1905)(action against school district treasurer barred by three-year statute of limitations); *Cox v. Ripley County,* 233 S.W.3d 225, 228 (Mo.App. S.D.2007)(county commissioners fall within

meaning of "other officer" in section 516.130.1). Additionally, in *Canada v. City of Pagedale*, 635 F.Supp. 376, 377 (E.D.Mo.1986), a common law claim against a city police officer for false arrest was held to be subject to the three-year limitation period in section 516.130.1.[1] While federal court decisions are not binding on this court, they are persuasive authority. *Jordan v. Greene*, 903 S.W.2d 252, 256 (Mo.App. W.D.1995).

In *State ex rel. School District of Sedalia v. Harter*, 188 Mo. 516, 87 S.W. 941, 943 (1905), the Missouri Supreme Court first addressed the meaning of the phrase "or other officer" in the context of section 516.130.1 (formerly Rev. St. 1899, Section 4274):

> A public office is defined to be the right, authority and duty created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual who is invested with the authority and is required to perform the duties is a public officer.

*Harter*, 87 S.W. at 942–43 (internal quotes and citation omitted). The Court held that the treasurer of the school district performed "some portion of the sovereign functions of the government, to be exer-cised for the benefit of the public" and was, therefore, a "public officer" within the meaning of the law. *Harter*, 87 S.W. at 943–44. Accordingly, the action against the school district treasurer was barred by the three-year statute of limitations. *Id.* at 945. *See also City of Ellisville v. Lohman*, 972 S.W.2d 527, 534 (Mo.App. E.D.1998)(discussing *Harter* and holding that the Director of the Missouri Department of Revenue comes within the designation of "other officer" in section 516.130.1).

■ Applying *Harter*, Officer Valentine is a "public officer." The Charter of the City of Independence, Missouri, sets out the powers and duties of the City's police department including the duty to preserve peace and order, enforce the law and ordinances, prevent and suppress crime, and detect and apprehend violators of all laws and ordinances. § 3.9. Section 544.216, RSMo 2000, further authorizes municipal law enforcement officers to "arrest on view, and without a warrant, any person the officer sees violating or who such officer has reasonable grounds to believe has violated any law of this state, including a misdemeanor or infraction." As a police officer, Officer Valentine performs "some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." Officer Valentine, therefore, falls within the desig-

---

1. Other older federal court decisions also consistently applied the three-year statute of limitations in section 516.130.1 to actions against law enforcement officers for civil rights violations. *See Peterson v. Fink*, 515 F.2d 815 (8th Cir.1975)(§ 1985 action against FBI agents); *Webb v. Newberry*, 547 F.Supp. 621 (E.D.Mo. 1982)(§ 1983 claim against St. Louis County and county police officers); *Brown v. St. Louis Police Dep't.*, 532 F.Supp. 518 (E.D.Mo. 1982)(§ 1981, 1983, and 1985 employment discrimination action against police department and members of board of police depart-ment); *Nylon v. City of Wellston*, 512 F.Supp. 560 (E.D.Mo.1981)(§ 1983 claims against city police officer). However, those decisions are now questionable after the United States Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), holding that § 1983 lawsuits should be characterized as personal injury claims for the purposes of applying the appropriate statute of limitations. *Yahne v. Pettis Co. Sheriff Dep't*, 73 S.W.3d 717, 723 (Mo.App. W.D. 2002); *Nitcher v. Newton County Jail*, 751 S.W.2d 800, 802 (Mo.App. S.D.1988).

nation of "other officer" within the meaning of section 516.130.1.

 The next question in determining the application of section 516.130.1 to this case is whether the claims against Officer Valentine involve the "doing of an act in his official capacity." In *Kinder v. Mo. Dep't of Corrections*, 43 S.W.3d 369, 373 (Mo.App. W.D.2001), this court defined "act in an official capacity" in the context of section 516.145, the one-year statute of limitations governing suits by offenders against the Department of Corrections or its employees.[2] "The phrase 'act in an official capacity' means that a public servant is acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic." *Kinder*, 43 S.W.3d at 373. "In its plain and ordinary meaning, the phrase is used to delineate between an action performed for work purposes rather than for personal ones." *Id.*

Ms. Dilley specifically alleged in her petition, "At all times relevant hereto, Defendant Valentine was employed as police officer by the City, and was on duty and acting within the course and scope of his employment as a police officer," and the defendants admitted this allegation in their answer. The record is also undisputed that at the time of the accident, Officer Valentine was working as a police officer and was in pursuit of a fleeing suspect who he had tried to stop after observing several traffic violations. Officer Valentine was acting in his official capacity.

The action against Officer Valentine is subject to the three-year statute of limitations in section 516.130.1. The summary judgment record reveals that the accident occurred on April 25, 2006. Ms. Dilley's

original lawsuit was not filed until August 19, 2009. Ms. Dilley's claims against Officer Valentine are barred by section 516.130.1. Summary judgment in his favor was, therefore, proper.

## Conclusion

The summary judgment in favor of Officer Valentine is affirmed. The summary judgment in favor of the City on Ms. Dilley's negligence claims is affirmed. The summary judgment in favor of the City on Ms. Dilley's recklessness claims is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

All concur.

---

**2.** The language of the two statutes of limitation are sufficient analogous to make the

*Kinder* case instructive.