OPINION
GLENN A. NORTON, Judge.
Margaret Moyer and Loretta Pogue (“Plaintiffs”) appeal the trial court’s grant of summary judgment in favor of the St. Francois County Sheriff Department (“County”) on Plaintiffs’ negligence action. We reverse and remand.
I. BACKGROUND
Viewing the record in the light most favorable to Plaintiffs, the parties against whom summary judgment was entered, establishes the following. During the afternoon of March 13, 2008, a St. Francois County Sheriffs deputy pulled over a vehicle with stolen license plates. After the deputy asked the driver to step out of the vehicle, the driver fled from the scene. A high-speed chase ensued that lasted as long as ten miles at speeds which approached 120 miles per hour. The chase ended when the suspect’s vehicle collided with a vehicle occupied by Plaintiffs. The deputy’s vehicle was not involved in the automobile accident.
Plaintiffs[1] filed this negligence action against County, claiming County was liable *417 under respondeat superior for the negligence of its deputy in causing the accident and Plaintiffs’ resulting injuries. County moved for summary judgment, arguing it was entitled to judgment as a matter of law because the deputy was not the cause of the accident or Plaintiffs’ injuries. The trial court granted summary judgment in favor of County, finding there was no factual basis to support a finding of causation. Plaintiffs appeal.
II. DISCUSSION
In their first point on appeal, Plaintiffs claim the trial court erred in granting summary judgment in favor of County because there is a genuine issue of fact on the issue of causation. We agree.
The propriety of a grant of summary judgment is an issue of law that this Court reviews de novo. Reed v. McDonald’s Corp., 368 S.W.3d 134, 138 (Mo.App.E.D.2012). The record is reviewed in the light most favorable to the party against whom judgment was entered. Id. “Summary judgment is appropriate when the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law.” Id. (internal quotation omitted).
In order to prevail in a suit in negligence, a plaintiff must show: (1) the defendant owed the plaintiff a duty; (2) the defendant failed to perform that duty; and (3) the defendant’s failure to perform that duty proximately caused the plaintiffs injury. Carman v. Wieland, 406 S.W.3d 70, 76 (Mo.App.E.D.2013). Proximate causation refers to the “reasonable and probable consequence of the act or omission of the defendant.” Sanders v. Ahmed, 364 S.W.3d 195, 210 (Mo. banc 2012) (internal quotation omitted). The defendant’s conduct must simply be a contributing cause of the plaintiffs injury rather than the sole cause, and the connection may be proven by reasonable inferences from proven facts or by circumstantial evidence. Coggins v. Laclede Gas Co., 37 S.W.3d 335, 339 (Mo.App.E.D.2000). “In the absence of compelling evidence establishing the absence of causation, the causation question is for the jury.” Id.
In granting summary judgment in favor of County on the issue of causation, the trial court relied on the Supreme Court’s opinion in Stanley v. City of Independence, 995 S.W.2d 485 (Mo. banc 1999). Stanley involved a wrongful death action against the city of Independence after the decedents were killed in a car accident caused by a suspect fleeing from police pursuit. Id. at 486. The police pursuit in Stanley involved speeds up to 70 miles per hour and lasted for forty-five seconds. Id. On appeal, the Court found the officer’s conduct was not the proximate cause of the collision. Id. at 488. Specifically, the Court noted:
The suspects in the van made the initial decision to flee, sped through red lights and in the wrong lane of traffic, and collided with the decedents. Any negligence by [the officer] is connected to the plaintiffs’ injury solely through the conduct of the fleeing van. Thus, the only conceivable causal link between the officer’s alleged negligence and the collision is the conjectural effect of his pursuit on the pursued vehicle_There is nothing other than speculation to reach a conclusion that the officer’s conduct was a ‘cause’ of the collision. Put another way, there is no way to tell whether the collision would have been avoided if the officer had abandoned the pursuit after initiating it.
Id. Accordingly, the Court found there was no factual basis to support a finding of proximate causation and affirmed the trial *418 court’s grant of summary judgment in favor of the city. Id.
The Western District recently reached a decision similar to Stanley when faced with a suit involving a plaintiff who was injured as a result of a suspect fleeing from police officers. Dilley v. Valentine, 401 S.W.3d 544, 548 (Mo.App.W.D.2013). In Dilley, the duration of the pursuit lasted less than 120 seconds at speeds of 50-55 miles per hour. Id. at 549. The Western District determined the case was factually indistinguishable from Stanley, and therefore the Court was bound to find there was no factual basis to support a finding of proximate causation. Id.
Plaintiffs seek to distinguish this case from Stanley based on the fact that the pursuit in this case covered more distance, lasted for a longer time,[2] and reached higher speeds than the pursuit at issue in Stanley. Plaintiffs argue that, unlike in Stanley, where the entire pursuit lasted less than a minute, common sense supports a finding that the fleeing suspect in this case would not have continued to drive erratically at high speeds and cause an accident many miles after the deputy terminated pursuit.
The holding in Stanley is limited to its facts. Indeed, in reaching its decision, the Supreme Court in Stanley stated that it “need not address other fact situations where the alleged negligence of a police officer may in fact proximately cause a collision between the fleeing vehicle and a third party.” 995 S.W.2d at 488. Unlike the pursuits at issue in Stanley and Dilley, which lasted for less than two minutes at maximum speeds of 70 and 55 miles per hour respectively, the pursuit in this case, viewed in the light most favorable to Plaintiffs, lasted up to ten miles and several minutes at speeds approaching 120 miles per hour. Although one would have to speculate that an officer’s termination of a pursuit would cause a fleeing suspect to cease driving recklessly within a short period of time and distance, as was the case in Stanley and Dilley, common sense supports an inference that, as the time and distance between an officer and a fleeing suspect grows, the more likely it becomes that the suspect will cease fleeing in a reckless manner. Stated another way, at some point following an officer’s termination of his or her pursuit of a suspect, a fleeing suspect will no longer feel it is necessary to continue driving recklessly to evade capture. For purposes of this opinion, it is unnecessary to determine the exact circumstances necessary to support a reasonable inference that a fleeing suspect would cease fleeing in a reckless manner following an officer’s termination of pursuit. It is sufficient to conclude that the circumstances in this case, viewed in the light most favorable to Plaintiffs, support a reasonable inference that the suspect would have ceased driving in a reckless manner and would have avoided the collision with Plaintiffs had the deputy abandoned the pursuit.[3] Accordingly, there is a factual basis to support a finding of causation, and the trial court erred in *419 granting summary judgment in favor of County. Point granted.[4]
III. CONCLUSION
We reverse the trial court’s grant of summary judgment in favor of County, and the cause is remanded for further proceedings in accordance with this opinion.
LAWRENCE E. MOONEY, P.J., concurs.
CLIFFORD H. AHRENS, J., dissents.

. John Pogue, the husband of Loretta Pogue, intervened in the action and filed a loss of consortium claim. That claim is not the subject of this appeal.

. The record is unclear as to how long the pursuit lasted. While Plaintiffs' statement of uncontroverted material facts, admitted to by County for purposes of its motion for summary judgment, indicated the pursuit covered ten miles and lasted 108 seconds, those facts create a logical impossibility. Other portions of the record indicate the pursuit covered 3.5 miles and "several minutes." Regardless, we agree with Plaintiffs that the record, viewed properly, supports a finding that the pursuit lasted longer than the pursuit at issue in Stanley.

. On remand, it will remain Plaintiffs’ burden to show the deputy breached a duty by failing to abandon the pursuit.

. Because we find the trial court erred in granting summary judgment on the ground that no factual basis exists in the record to support a finding of causation, it is not necessary to discuss Plaintiffs' second point on appeal which claims the trial court erred in granting summary judgment because County failed to comply with the requirements of Missouri Supreme Court Rule 74.04(c) (2014).