

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| DEBORAH BAILEY, | ) | No. ED112520 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | Cause No. 2322-CC00638 |
| | ) | |
| CITY OF ST. LOUIS, AND BRENDAN BYERS, | ) | Honorable Jason M. Sengheiser |
| | ) | |
| | ) | |
| Respondents. | ) | FILED: April 1, 2025 |

### Introduction

Deborah Bailey (Bailey) appeals the circuit court's judgment granting two motions to dismiss on statute of limitations grounds, one in favor of St. Louis Metropolitan Police Officer Brendan Byers (Officer Byers) and the other in favor of Officer Byers's employer, the City of St. Louis (City). Bailey had sued Officer Byers and the City after a March 27, 2019 motor vehicle accident that she claimed Officer Byers negligently caused. In this appeal, Bailey asserts the circuit court erred because section 516.120's[1] *five-year* statute of limitations governs her claims against Officer Byers and the City. We disagree and find that Bailey's claims against both respondents are governed by the *three-year* statute of limitations because (1) Officer Byers, at the time of the collision, was acting within the scope of his employment as a police officer for purposes

---

[1] All section references are to RSMo (2016).

of section 516.130, and (2) the City, as Bailey explicitly sued on the basis of *respondeat superior*, qualifies as "an officer" for the purposes of section 516.130.

Accordingly, we affirm the circuit court's judgment.

## Factual and Procedural Background

On March 27, 2019, Officer Byers rear-ended Bailey as she drove her vehicle in the City of St. Louis. Officer Byers was operating his patrol vehicle and was on duty at the time. On March 31, 2023, more than four years later, Bailey sued Officer Byers based on his alleged negligence and the City for vicarious liability as his employer. The City moved to dismiss, arguing that section 516.130 rendered the claim time-barred. Officer Byers filed his own motion to dismiss which also invoked the three-year statute of limitations.

The circuit court granted both motions. With respect to Officer Byers's motion, the court found that Officer Byers was acting in the course and scope of his employment for the City and that his operation of the police vehicle "was done as a means of carrying out a job assigned to him by [the] City of St. Louis." With respect to the City's motion, the circuit court found that the City came within the meaning of the phrase "other officer" which thus triggered section 516.130(1)'s three-year statute of limitation.

## Standard of Review

The circuit court's grant of a motion to dismiss is reviewed *de novo*. *A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 631 (Mo. App. E.D. 2016) (citing *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008)). This Court views the petition liberally and considers all of the alleged facts to be true and in the light most favorable to the plaintiff. *Elam v. Dawson*, 156 S.W.3d 807, 808 (Mo. App. W.D. 2005). We consider only the grounds for dismissal stated in the motion, and we will uphold the circuit court's decision if dismissal was appropriate on any ground stated in the motion. *A.F.*, 491 S.W.3d at 631.

2

Our consideration of a statute of limitations defense is likewise *de novo*. *Davison v. Dairy Farmers of Am., Inc.*, 449 S.W.3d 81, 83 (Mo. App. W.D. 2014). Such a defense is an affirmative defense that must be pleaded. Rule 55.08.[2] When the statute of limitations is raised as an affirmative defense, the circuit court may grant dismissal if on the face of the petition it is undoubtedly established that the claim is time-barred. *City of Ellisville v. Lohman*, 972 S.W.2d 527, 530 (Mo. App. E.D. 1998).

## Discussion

In two points on appeal, Bailey challenges the circuit court's dismissal of her petition against Officer Byers for negligence and against the City under a vicarious liability theory.

### *Point I – Officer Byers*

In Point I, Bailey argues that the circuit court erred because the five-year statute applies to her claims against Officer Byers, not the three-year statute. We disagree because section 516.130(1)'s three-year statute applies to claims against "officers" like Officer Byers.

"When interpreting statutes, courts must seek to ascertain the intent of the legislature from the language of the statute, and if possible, give effect to that intent." *Laramore v. Jacobsen*, 613 S.W.3d 466, 470 (Mo. App. E.D. 2020). The court determines legislative intent by considering the plain and ordinary meaning of the language in the statute. *Id.* "Each word, clause, sentence, and section of a statute should be given meaning whenever possible." *Id.*

Whether the three-year statute of limitations applies to Bailey's claim against Officer Byers requires that we determine two issues: (1) whether Officer Byers is an "officer" within the meaning

---

[2] All rule references are to the Missouri Supreme Court Rules (2024).

of section 516.130(1), and (2) whether he was acting in his official capacity and in virtue of his office.[3]

First, we consider whether Officer Byers qualified as an "other officer" at the time of the accident. The Supreme Court of Missouri has defined "other officer" in the context of section 516.130(1) as one who is "invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." *State ex rel. Sch. Dist. of Sedalia v. Harter*, 87 S.W. 941, 943 (Mo. 1905) (internal quotation omitted). In *Dilley v. Valentine* the court employed these longstanding principles to conclude that section 516.130(1)'s three-year statute of limitations applied to Dilley's negligence claim against a police officer after the officer's vehicle struck Dilley's during a high-speed pursuit of a suspect. 401 S.W.3d 544, 552-3 (Mo. App. W.D. 2013). We find that Officer Byers, under the specific circumstances of this case, met the statute's definition of "other officer."

Turning to the second prong of section 516.130(1)'s analysis: whether Officer Byers's actions involved "the doing of an act in [his] official capacity," we likewise conclude they were. "The phrase 'act in an official capacity' means that a public servant is acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic." *Dilley*, 401 S.W.3d at 553 (quoting *Kinder v. Missouri Dep't of Corr.*, 43 S.W.3d 369, 373 (Mo. App. W.D. 2001)). "In its plain and ordinary meaning, the phrase is used to delineate between an action performed for work purposes rather than for personal ones." *Id.* (quoting *Kinder*, 43 S.W.3d at 373).

---

[3] Bailey argues that the "and in virtue of his office" language in the statute is a third issue that must be satisfied separately. We reject this notion because *Laramore* effectively holds that the "and in virtue of his office" language is no longer an independent requirement for the statute's application but is merged into the "doing of an act in [their] official capacity" language. 613 S.W.3d at 474.

The petition establishes at the time of the collision, that Officer Byers, while patrolling City streets, was acting in his official capacity. For her part, Bailey asserts that the *negligent* operation of a patrol car by a police officer does not constitute an action under the "authority of [his] position as a law enforcement officer." Bailey has not directed us to any on-point authority and we do not read section 516.130 so narrowly. *See Dilley*, 401 S.W.3d at 553 (applying 516.130's three-year statute of limitations to negligence and recklessness claims against police officer). More importantly, Bailey's argument here is belied by her own pleadings. In count II of her petition, Bailey pleaded that Officer Byers's "actions were done within the scope of his employment and/or agency with Defendant City of St. Louis and were done as a means of carrying out a job assigned to him by Defendant City of St. Louis." This is fatal to Bailey's argument. Point denied.

### Point II – The City

The issue here is whether Bailey's claim against the City is likewise subject to the three-year statute. The circuit court found that the City qualifies as an "other officer" under section 516.130(1) rendering Bailey's claims against the City time-barred. We agree.

Because section 516.130(1) applies to actions against "sheriffs, coroners, or other officers" and does not list government entities such as the City, Bailey argues that the City does not benefit from the three-year statute of limitations but instead must fall under the five-year statute of limitations in section 516.120 for personal injury arising from negligent acts.

Bailey is correct that a plain reading of section 516.130(1) does not include cities or governmental entities. However, the Supreme Court of Missouri in *Investors Title Co. v. Hammonds* held that a governmental entity may be "an officer" under the meaning of section 516.130(1) when suit is brought against the entity for the actions of its employee acting in his or her "official capacity." 217 S.W.3d 288, 298-99 (Mo. banc 2007).

5

Furthermore, it is well established that a *respondeat superior* claim cannot exist without a viable underlying negligence suit against the principal actor. *Tiemann v. SSM Reg'l Health Servs.*, 632 S.W.3d 833, 843 (Mo. App. W.D. 2021) (citing *Dalbey v. Heartland Reg'l Med. Ctr.*, 621 S.W.3d 36, 43 (Mo. App. W.D. 2021)). More specifically, section 516.130(1) is appropriate against the employer where liability is founded on the actions of an *individual* officer. *Cox v. Ripley Cnty.*, 233 S.W.3d 225, 229 (Mo. App. S.D. 2007). While *Cox* found that the county and county commissioners were not entitled to the three-year statute of limitations under section 516.130(1), the court went further, stating that the three-year period of 516.130(1) "more appropriately applies when only one official is involved and the cause of action is based on an alleged wrong that occurred as part of that officer's official conduct." *Id.*

Where, in *Cox*, "there [was] no allegation that the matter complained of was committed by any particular individual," the reverse is true here. Bailey alleges negligence against only one individual—Officer Byers, with a dependent *respondent superior* claim against the City based on his actions. Because Bailey failed to assert any independent causes of action against the City, we do not reach the question of whether the City would be an "other officer" under section 516.130(1) if an independent cause of action had been pleaded. We find that section 516.130(1) applies to the City when pleaded only on the basis of *respondeat superior*.

The circuit court correctly determined that the City qualified as an "other officer" as contemplated by section 516.130(1) and claims against it were thus time-barred. Point II is denied.

6

Conclusion

For the reasons set forth above, the judgment of the circuit court as to each respondent is affirmed.

Virginia W. Lay, J.

Lisa P. Page, P.J., concurs.
Rebeca Navarro-McKelvey, J., concurs.